**Michelle Barton Smigel, P.C.**, OSB No. 045530
michelle.smigel@millernash.com
**Michael Porter, P.C.**, OSB No. 003560
mike.porter@millernash.com
MILLER NASH GRAHAM & DUNN LLP
3400 U.S. Bancorp Tower
111 S.W. Fifth Avenue
Portland, Oregon 97204
Telephone: 503.224.5858
Fax: 503.224.0155

      Attorneys for Defendants


UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

EUGENE DIVISION


| | |
|---|---|
| **BRANDON AUSTIN**, <br><br>     Plaintiff, <br><br> v. <br><br> **UNIVERSITY OF OREGON**; **SANDY WEINTRAUB**; **CHICORA MARTIN**; **ROBIN HOLMES**; and **MICHAEL R. GOTTFREDSON**, all in their individual capacities only, <br><br>     Defendants. | Case No.: 6:15-cv-02257-MC (Lead Case) <br> Case No.: 6:16-cv-00647-MC (Member Case) <br><br> DEFENDANTS' MEMORANDUM IN OPPOSITION TO PLAINTIFFS' MOTION FOR COURT TO RECONSIDER ITS ORDER DISMISSING PLAINTIFFS' CLAIM FOR DUE PROCESS AND QUALIFIED IMMUNITY <br><br> **REQUEST FOR ORAL ARGUMENT** |
| **DOMINIC ARTIS** and **DAMYEAN DOTSON**, <br><br>     Plaintiffs, <br><br> v. <br><br> **UNIVERSITY OF OREGON**; **SANDY WEINTRAUB**; **CHICORA MARTIN**; **ROBIN HOLMES**; and **MICHAEL R. GOTTFREDSON**, <br><br>     Defendants. | |

Page 1 -    Defendants' Memorandum in Opposition to Plaintiffs' Motion for Court to Reconsider
              Its Order Dismissing Plaintiffs' Claim for Due Process and Qualified Immunity

MILLER NASH GRAHAM & DUNN LLP
ATTORNEYS AT LAW
TELEPHONE: 503.224.5858
3400 U.S. BANCORP TOWER
111 S.W. FIFTH AVENUE
PORTLAND, OREGON 97204

4835-5000-4029.2

## I.    INTRODUCTION

In its September 8, 2016, Opinion and Order, this court found that Sandy Weintraub, Chicora Martin, Robin Holmes, and Michael R. Gottfredson (collectively, the "Individual Defendants") were entitled to qualified immunity from plaintiffs' due process claims because plaintiffs did not have a clearly established constitutional interest in "their status as admitted university students in good standing, their ability to pursue public higher education and athletic participation, the economic benefit from an existing scholarship, a hypothetical future scholarship at another school, [or their] future potential NBA careers." (Order at 8-9.)  Because plaintiffs cannot cure this deficiency by supplementing their pleadings, the court dismissed plaintiffs' due process claims without leave to amend.

Plaintiffs' motion asks the court to reconsider its ruling by again arguing that *Stretten v. Wadsworth Veterans Hosp.*, 537 F2d 361 (9th Cir 1976)—a case finding that a medical resident had a property interest in his four-year employment contract—somehow clearly established that plaintiffs had a property interest in the renewal of their one-year athletic scholarships and their undergraduate education at University of Oregon (the "University" and, together with the Individual Defendants, "Defendants").  Plaintiffs, however, misconstrue *Stretton* and fail to set forth any factual basis for the court to reconsider its ruling.

Accordingly, the court should deny plaintiffs' motion for reconsideration.

## II.    LEGAL STANDARDS

### A.    Motion for Reconsideration Under Fed R Civ P 60(b).

A motion requesting the district court to reconsider an order may be filed under Fed R Civ P 59(e) or Fed R Civ P 60(b).  *See United States v. Martin*, 226 F3d 1042, 1048 (9th Cir 2000) (explaining that a party may seek reconsideration of an appealable order under Fed R Civ P 59 because "[a] 'judgment' is defined by Rule 54 of the Federal Rules of Civil Procedure as 'any order from which an appeal lies.'").  Motions filed under Fed R Civ P 59(e) must be filed

MILLER NASH GRAHAM & DUNN LLP
ATTORNEYS AT LAW
TELEPHONE: 503.224.5858
3400 U.S. BANCORP TOWER
111 S.W. FIFTH AVENUE
PORTLAND, OREGON  97204

within 28 days of the entry of judgment, whereas motions filed under Fed R Civ P 60(b) may be filed within a reasonable time of the entry of judgment.  Fed R Civ P 59(e); Fed R Civ P 60(c). Because plaintiffs did not file their motion within 28 days of the court's Opinion and Order, this memorandum analyzes plaintiffs' motion under Fed R Civ P 60(b) only.

Among the permissible reasons for reconsideration of an order under Fed R Civ P 60(b), only subsection (6) could theoretically apply here.  Under that subsection, a district court may relieve a party from an order for "any * * * reason that justifies relief."  Fed R Civ P 60(b)(6).  Although subsection (6) "vests power in courts adequate to enable them to vacate judgments whenever such action is appropriate to accomplish justice," *Klapprott v. United States*, 335 US 601, 615, 69 S Ct 384, 93 L Ed 266 (1949), the Ninth Circuit has approved of Fed R Civ P 60(b) motions only "sparingly[,] as an equitable remedy to prevent manifest injustice."  *United States v. Alpine Land & Reservoir Co.*, 984 F2d 1047, 1049 (9th Cir. 1993).  In fact, typically, "[t]he rule is to be utilized only where extraordinary circumstances prevented a party from taking timely action to prevent or correct an erroneous judgment."  *Id.*; *see also* Fed R Civ P 54(a) (defining "judgment," as relevant, as "any order from which an appeal lies").

**B.    Dismissal Without Leave to Amend.**

When a district court grants a motion to dismiss, it need not grant leave to amend if it "determines that the pleading could not possibly be cured by the allegation of other facts." *Doe v. United States*, 58 F3d 494, 497 (9th Cir 1995) (internal quotation marks and citation omitted).  Consequently, a court may properly deny leave to amend when it is apparent from the record, or when the court declares, that amending the complaint would be futile.  *Foman v. Davis*, 371 US 178, 182, 83 S Ct 227, 9 L Ed 2d 222 (1962) ("Of course, the grant or denial of an opportunity to amend is within the discretion of the District Court * * *.").

Page 3 -    Defendants' Memorandum in Opposition to Plaintiffs' Motion for Court to Reconsider Its Order Dismissing Plaintiffs' Claim for Due Process and Qualified Immunity

MILLER NASH GRAHAM & DUNN LLP
ATTORNEYS AT LAW
TELEPHONE: 503.224.5858
3400 U.S. BANCORP TOWER
111 S.W. FIFTH AVENUE
PORTLAND, OREGON  97204

4835-5000-4029.2

## III.    ARGUMENT

Plaintiffs' motion does not set forth sufficient grounds for reconsideration under Fed R Civ P 60(b)(6), and as the court correctly ruled, it would be futile to allow plaintiffs to amend their complaint.  Plaintiffs ask for reconsideration of the court's dismissal of their due process claims and its grant of qualified immunity to the Individual Defendants, but plaintiffs have not suffered a manifest injustice, nor are there extraordinary circumstances that warrant reconsideration of the court's ruling.  To the contrary, plaintiffs had ample opportunity to oppose Defendants' motion to dismiss through extensive briefing, lengthy oral argument, and supplemental briefing after oral argument.  Thus, there is no reasonable basis for granting plaintiffs' motion for reconsideration.

Moreover, the court granted qualified immunity to the Individual Defendants because "no relevant precedent clearly establishes the proposed constitutional rights" asserted by plaintiffs.  Order at 10; *see also Ashcroft v. al-Kidd*, 563 US 731, 735, 131 S Ct 2074, 179 L Ed 2d 1149 (2011).  And since no relevant precedent clearly establishes these proposed constitutional rights, plaintiffs would not be able to overcome the Individual Defendants' entitlement to qualified immunity even if the court allowed plaintiffs to amend their complaint. Finally, because the pleadings "could not possibly be cured by the allegation of other facts," *Doe v. United States*, 58 F3d at 497 (internal quotation marks and citation omitted), it was entirely appropriate—and certainly not a "manifest injustice"—for the court to dismiss plaintiffs' due process claims without leave to amend.  *Alpine Land & Reservoir Co.*, 984 F2d at 1049.[1]

---

[1] Plaintiffs' opinion that the court erred in its analysis of *Stretten* is not the sort of "extraordinary circumstance[]" that justifies reconsideration by the district court.  *Alpine Land & Reservoir Co.*, 984 F2d at 1049.

MILLER NASH GRAHAM & DUNN LLP
ATTORNEYS AT LAW
TELEPHONE: 503.224.5858
3400 U.S. BANCORP TOWER
111 S.W. FIFTH AVENUE
PORTLAND, OREGON  97204

4835-5000-4029.2

**A.     *Stretten* Does Not Clearly Establish a Constitutional Right to Athletic Scholarships or University Education.**

Plaintiffs ask the court to reconsider its analysis of *Stretten* and find that the property interest recognized in *Stretten* clearly establishes a property interest in plaintiffs' athletic scholarships and their undergraduate education.  Plaintiffs, however, do not set forth any valid reasons for the court to reconsider its analysis of *Stretten*.  Nevertheless, *Stretten* does not establish the proposed constitutional interests—and because no relevant precedent does, the Individual Defendants are entitled to qualified immunity.

As this court has explained, public officials such as the Individual Defendants are entitled to qualified immunity unless they have violated a constitutional right that was "'clearly established' at the time of the challenged conduct." *al-Kidd*, 563 US at 735 (quoting *Harlow v. Fitzgerald*, 457 US 800, 818, 102 S Ct 2727, 73 L Ed 2d 396 (1982)).  A right is clearly established only when "the contours of [that] right are sufficiently clear that every reasonable official would have understood that what he is doing violates that right." *al-Kidd*, 563 US at 741 (internal punctuation and citation omitted).  The proposed constitutional interest at issue is not clearly established if it is "cast at a high level of generality." *Plumhoff v. Rickard*, __ US __, 134 S Ct 2012, 2023, 188 L Ed 2d 1056 (2014) (internal quotation marks and citation omitted); *see also Hamby v. Hammond*, 821 F3d 1085, 1090 (9th Cir 2016) ("our circuit has been repeatedly chastised for conducting the clearly established inquiry at too high a level of generality"); *City & Cty. of San Francisco v. Sheehan*, __ US __ , 135 S Ct 1765, 1775-76, 191 L Ed 2d 856 (2015) ("We have repeatedly told courts—*and the Ninth Circuit in particular*—not to define clearly established law at a high level of generality.") (emphasis added) (internal quotation marks and citation omitted).  Rather, "existing precedent must have placed the * * * constitutional question beyond debate."[2] *al-Kidd*, 563 US at 741.

---

[2] Because the qualified immunity analysis applies an objective standard, it does not matter whether the public official in question believed that his or her actions violated the Constitution.

MILLER NASH GRAHAM & DUNN LLP
ATTORNEYS AT LAW
TELEPHONE: 503.224.5858
3400 U.S. BANCORP TOWER
111 S.W. FIFTH AVENUE
PORTLAND, OREGON  97204

4835-5000-4029.2

Despite plaintiffs' continued assertion to the contrary, *Stretten* does not clearly establish a constitutional interest in athletic scholarships or undergraduate education. *Stretten* simply cannot establish such interests—much less clearly establish them—because it is not a case about college athletics or university education. Instead, it is a case about a medical resident whose four-year employment contract was terminated after one year. The Ninth Circuit ruled that the resident's employment contract conferred a property interest for the "specified four-year duration" of the contract, and consequently could not be terminated early without due process of law.[3] *Stretten*, 537 F2d at 367.

Because Stretten's property interest arose from his employment, the Ninth Circuit's ruling does not clearly establish a property interest in the renewal of an athletic scholarship (which is not a contract for employment) or in undergraduate education—and any proposed similarity to plaintiffs' claims is cast at too "high [a] level of generality" to overcome the Individual Defendants' entitlement to qualified immunity. *Plumhoff*, 134 S Ct at 2023 (internal quotation marks and citations omitted); *see also Hamby*, 821 F3d at 1090. Moreover, plaintiffs cite no case law or statute—and none exist in our jurisdiction—that equates an athletic scholarship to an employment contract, or that holds that an athletic scholarship confers a constitutionally protected property interest. Nor do plaintiffs cite any relevant case law or statute

---

Thus, it is irrelevant whether the Individual Defendants "were [allegedly] unaware of <u>Stretten</u>," as plaintiffs assert. (Motion at 8.)

[3] In Stretten's case, his employment contract entitled him to "uninterrupted training" as a medical resident, which the court acknowledged was a private interest for purposes of its balancing-test analysis under *Mathews v. Eldridge*, 424 US 319, 96 S Ct 893, 47 L Ed 2d 18 (1976). *Stretten*, 537 F2d at 368-69. The Ninth Circuit did not, however, find that Stretten's education itself was a constitutionally protected interest. *See Ryan v. Harlan*, No. CV-10-626-ST, 2011 WL 711110, at *7 (D Or Feb. 22, 2011) (explaining that "*Stretten* turned on property interests in employment and not on property interests in education")

MILLER NASH GRAHAM & DUNN LLP
ATTORNEYS AT LAW
TELEPHONE: 503.224.5858
3400 U.S. BANCORP TOWER
111 S.W. FIFTH AVENUE
PORTLAND, OREGON  97204

4835-5000-4029.2

equating a medical residency to undergraduate education, or otherwise recognizing a property

interest in undergraduate education.[4]

    In a failed attempt to equate their athletic scholarships to Stretten's employment

contract, plaintiffs erroneously assert that the terms of their scholarships established "a

presumption of a continued contract until such time as the conditions for termination [were]

met." (Motion at 5.)  In purported support of this argument, plaintiffs point to a clause in their

scholarships, which stated that the financial assistance "may be changed or terminated only in

---

[4] Plaintiffs cite two cases, *Blantz v. Cal. Dep't of Corr. & Rehab.*, 727 F3d 917 (9th Cir 2013),
and *Liu v. Portland State University*, 281 Or App 294, 383 P3d 294 (2016), in purported support
of their alleged constitutional interests. (Motion at 8-9.)  Neither has any bearing on the
Individual Defendants' entitlement to qualified immunity. *Blantz* addresses the question of when
an independent contractor of the government—not a university student or student athlete—has a
constitutionally protected interest in her employment.  Moreover, *Blantz* acknowledges that "the
liberty interests protected by the Fourteenth Amendment are implicated only when the
government's stigmatizing statements effectively exclude the employee completely from her
chosen profession." *Blantz*, 727 F3d at 925.  Not only are plaintiffs not employees or
independent contractors of the University, but they cannot in good faith plead that they have
been completely excluded from playing college basketball—which is not a constitutionally
protected interest, in any event.  *Blantz* therefore does not clearly establish any constitutional
rights asserted by plaintiffs.

  And *Liu* is inapposite to the issue of qualified immunity because it postdates plaintiffs'
hearing and thus did not establish any constitutional rights "at the time of the challenged
conduct." *al-Kidd*, 563 US at 735.  Moreover, this case is factually distinguishable from *Liu*
because plaintiffs were afforded robust procedures under the University's then-governing
regulations that were not available to Liu under Portland State University's then-governing
regulations.  For example, the University's regulations did not prevent plaintiffs from seeking
judicial review of their suspensions, whereas Liu was not allowed to seek judicial review of his
expulsion under Portland State University's regulations.  *See Liu*, 281 Or App at 307.  Further, at
his expulsion hearing, Liu "was not allowed to be represented by counsel, cross-examine
witnesses, or issue subpoenas, and the testimony of witnesses was not taken by oath or
affirmation." *Id.* (citations omitted).  By comparison, plaintiffs *were* represented by counsel at
their hearing, and had plaintiffs elected a panel hearing instead of an administrative conference,
they would have been afforded the opportunity to cross-examine witnesses, OAR 571-021-
0210(3)(e) and (13)(b)(A), and "request the University General Counsel to issue * * *
subpoena[s]." OAR 571-021-0210(8).  Also, witnesses would have been "required to affirm that
their testimony [was] truthful." OAR 571-021-0210(13)(a).  Accordingly, *Liu* is both temporally
and factually inapposite to plaintiffs' motion for reconsideration.

---

Page 7 -  Defendants' Memorandum in Opposition to Plaintiffs' Motion for Court to Reconsider
     Its Order Dismissing Plaintiffs' Claim for Due Process and Qualified Immunity

MILLER NASH GRAHAM & DUNN LLP
ATTORNEYS AT LAW
TELEPHONE: 503.224.5858
3400 U.S. BANCORP TOWER
111 S.W. FIFTH AVENUE
PORTLAND, OREGON  97204

4835-5000-4029.2

accordance with the legislation of the NCAA."  (Motion at 4.)  But by its plain language of plaintiffs' scholarships, this clause applies to changes made to, or the termination of, plaintiffs' scholarships *during the period of the award*—not the nonrenewal of plaintiffs' scholarships after their expiration.  *See Yogman v. Parrott*, 325 Or 358, 361, 937 P2d 1019 (1997) (To interpret a contractual provision, Oregon courts first "examine[] the text of the disputed provision, in the context of the document as a whole.  If the provision is clear, the analysis ends.").  Accordingly, this clause does not support plaintiffs' claim of a presumptive four-year contract.

The deficiencies of plaintiffs' due process claims cannot be cured by amending the complaint.  As this court correctly ruled, "there is no Supreme Court, Ninth Circuit, or Oregon District Court case that, at the time of the events giving rise to this case, clearly establishes the property rights Plaintiffs assert, nor is there any apposite statute establishing the same"—no additional factual allegations about plaintiffs' scholarships or their education status can change this.  (Order at 9.)  The court's dismissal of plaintiffs' due process claims without leave to amend was therefore proper, and plaintiffs' motion does not set forth sufficient reason for the court to reconsider its ruling.[5]

### B.    Moreover, Unlike Stretten's Medical Residency, Plaintiffs' Athletic Scholarships Were Not Terminated Early.

There is no reason for the court to reconsider whether plaintiffs had a clearly established property interest in their scholarships or their education.  Nevertheless, the facts alleged by plaintiffs demonstrate that their scholarships were not terminated early, and thus plaintiffs' claims are distinguishable from those in *Stretten*.  As explained above, the Ninth

---

[5] Plaintiffs now also ask the court to consider four declarations attached to their motion "to determine what other facts [in addition to the police report] were readily available to the University" at plaintiffs' hearing.  (Motion at 9.)  But considering these declarations would be futile.  The opinions contained in these declarations (including, no less, the opinions of plaintiffs' current and former attorneys concerning whether plaintiffs should have been suspended) do not clearly establish the proposed constitutional rights, and thus do not undermine the Individual Defendants' entitlement to qualified immunity.

Page 8 -    Defendants' Memorandum in Opposition to Plaintiffs' Motion for Court to Reconsider Its Order Dismissing Plaintiffs' Claim for Due Process and Qualified Immunity

MILLER NASH GRAHAM & DUNN LLP
ATTORNEYS AT LAW
TELEPHONE: 503.224.5858
3400 U.S. BANCORP TOWER
111 S.W. FIFTH AVENUE
PORTLAND, OREGON  97204

4835-5000-4029.2

Circuit found that Stretten's employment contract guaranteed him a four-year medical residency. When the hospital instead ended Stretten's residency after just one year, it terminated his employment contract early, thus triggering Stretten's right to due process.

In contrast, as this court is aware, plaintiffs' athletic scholarships provided tuition and other financial benefits for the 2013-2014 academic year (and less for Austin), but no further.[6]  The University guaranteed that plaintiffs' scholarships would "be *considered* for renewal during subsequent periods," but the period of plaintiffs' scholarships was one academic year, and renewal was not guaranteed.  (*See* Motion at 4, 12 (emphasis added).)  When plaintiffs' scholarships ended in June 2014, they were not renewed.  Unlike in *Stretten*, the University simply let plaintiffs' scholarships expire—it did not terminate their contracts early.

Plaintiffs' scholarships were not terminated, and plaintiffs cannot overcome this material factual distinction between their claims and those in *Stretten*.  For this additional reason, it would be futile to allow plaintiffs to amend their pleadings.

## IV.    CONCLUSION

For the reasons set forth in this memorandum and in Defendants' motion to dismiss, the court should deny plaintiffs' motion for reconsideration.  Plaintiffs' have not presented sufficient grounds for the court to reconsider its ruling under Fed R Civ P 60(b)(6), nor

---

[6] Plaintiffs appear to assert that the value of their athletic scholarships is constitutionally significant.  (*See* Motion at 7 ("What we do know * * * is that an award in the $40,000 range, combined with continuing education, is as significant a property interest as" in *Stretten*.).)  But the dispositive constitutional questions are whether a contract confers a legitimate claim of entitlement to benefits and, if so, to what benefits the recipient is entitled.  The value of plaintiffs' scholarships does not confer a legitimate claim of entitlement to the renewal of their scholarships, and thus is irrelevant to whether plaintiffs had a clearly established property interest.

MILLER NASH GRAHAM & DUNN LLP
ATTORNEYS AT LAW
TELEPHONE: 503.224.5858
3400 U.S. BANCORP TOWER
111 S.W. FIFTH AVENUE
PORTLAND, OREGON  97204

4835-5000-4029.2

can plaintiffs possibly show that their alleged constitutional rights were clearly established—even if the court allows plaintiffs to amend their pleadings.

DATED this 2nd day of December, 2016.

MILLER NASH GRAHAM & DUNN LLP

s/Michelle Barton Smigel
_____
Michelle Barton Smigel, P.C., OSB No. 045530
michelle.smigel@millernash.com
Michael Porter, P.C., OSB No. 003560
mike.porter@millernash.com
Telephone:  503.224.5858
Fax:  503.224.0155

*Attorneys for Defendants*

Page 10 -    Defendants' Memorandum in Opposition to Plaintiffs' Motion for Court to Reconsider
Its Order Dismissing Plaintiffs' Claim for Due Process and Qualified Immunity

MILLER NASH GRAHAM & DUNN LLP
ATTORNEYS AT LAW
TELEPHONE: 503.224.5858
3400 U.S. BANCORP TOWER
111 S.W. FIFTH AVENUE
PORTLAND, OREGON  97204

4835-5000-4029.2

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that I served the foregoing defendants' memorandum in opposition to plaintiffs' motion for court to reconsider its order dismissing plaintiffs' claim for due process and qualified immunity on:

Ms. Marianne Dugan
259 East Fifth Avenue, Suite 200-D
Eugene, Oregon  97401
Telephone:  541.338.7072
E-mail:  mdugan@mdugan.com

*Attorney for Plaintiff Brandon Austin*

Mr. Brian Michaels
259 East Fifth Avenue, Suite 300-D
Eugene, Oregon  97401
Telephone:  541.687.0578
E-mail:  brian@brianmichaelslaw.com

*Attorney for Plaintiffs Dominic Artis and Damyean Dotson*

Mr. Alan C. Milstein
Sherman Silverstein Kohl Rose & Podolsky
308 Harper Drive, Suite 200
Moorestown, New Jersey  08057
Telephone:  856.662.0700
E-mail:  amilstein@shermansilverstein.com

*Attorney for Plaintiff Brandon Austin*

Mr. Alex Spiro
Brafman & Associates
767 Third Avenue
New York, New York  10017
Telephone:  212.750.7800
E-mail:  aspiro@braflaw.com

*Attorney for Plaintiffs Dominic Artis and Damyean Dotson*

by the following indicated method or methods on the date set forth below:

[x]    **CM/ECF system transmission.**

[ ]    **E-mail.**  (Courtesy copy.)

[ ]    **Facsimile communication device.**

[ ]    **First-class mail, postage prepaid.**

[ ]    **Hand-delivery.**

[ ]    **Overnight courier, delivery prepaid.**

DATED this 2nd day of December, 2016.

s/Michelle Barton Smigel
Michelle Barton Smigel, OSB No. 045530

*Of Attorneys for Defendants*

Page 1 -    Certificate of Service

MILLER NASH GRAHAM & DUNN LLP
ATTORNEYS AT LAW
TELEPHONE: 503.224.5858
3400 U.S. BANCORP TOWER
111 S.W. FIFTH AVENUE
PORTLAND, OREGON  97204

4835-5000-4029.2