IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

BRANDON AUSTIN,

    Plaintiff,

v.

UNIVERSITY OF OREGON; SANDY WEINTRAUB; CHICORA MARTIN; ROBIN HOLMES; and MICHAEL R. GOTTFREDSON, all in their individual capacities only,

    Defendants.

―――――――――――――――――――

DOMINIC ARTIS and DAMYEAN DOTSON,

    Plaintiffs,

v.

UNIVERSITY OF OREGON; SANDY WEINTRAUB; CHICORA MARTIN; ROBIN HOLMES; and MICHAEL R. GOTTFREDSON,

    Defendants.

―――――――――――――――――――

Case No. 6:15-cv-02257-MC (Lead Case)
Case No. 6:16-cv-00647-MC (Member Case)

ORDER RE:
MOTION TO RECONSIDER

MCSHANE, Judge:

    The matter before the court is plaintiff Dominic Artis' motion for the court to reconsider its order dismissing plaintiff's claims. *Artis v. Uni. of Oregon*, D. Or. 16-cv-647-MC, ECF No. 40; ECF No. 46. Plaintiff Brandon Austin joins in the motion for reconsideration. D. Or. 15-cv-

1 – ORDER

2257, Pl.'s Br., ECF No. 36.[1] Defendants oppose. Because the motion to reconsider fails to elicit law or facts warranting reconsideration, Plaintiffs' motion is DENIED.

## BACKGROUND

On September 8, 2016, the court dismissed this action on defendants' Rule 12(b)(6) Motion to Dismiss. ECF No. 34. Plaintiffs, in order to state sufficient factual matter to constitute a due process claim upon which relief can be granted case, were required to identify a "clearly established" interest that was denied or abridged by defendants. *See United States v. Guillen-Cervantes*, 748 F.3d 870 (9th Cir. 2014). Plaintiffs' complaints relied on their characterization that their awarded scholarships and college education were property interesst Pl.'s Br., ECF No. By failing to provide them with adequate due process, plaintiffs claim that the defendants denied them their constitutionally protected right to their education.

This court found that "there is no Supreme Court, Ninth Circuit, or Oregon District Court case that, at the time of the events giving rise to this case, clearly establishes the property rights Plaintiffs assert" nor was there "any apposite statute establishing the same." Order, 9, ECF No. 34. Because the four individually named defendants did not violate a clearly established constitutional right, the court found they enjoyed qualified immunity from plaintiffs' due process claims. The claims were dismissed with prejudice. Order, 10.

## STANDARD

A motion for reconsideration must demonstrate some reason the court should reconsider its decision. The motion must set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision. The primary grounds warranting reconsideration include: 1) an intervening change in controlling law; 2) the availability of newly discovered evidence; and 3) the need to correct clear error or prevent manifest injustice. *School Dist. No. 1J, Multnomah*

---

[1] Unless stated otherwise, citations to the docket refer to the lead case, D. Or. 6:15-cv-2257-MC.

*County, Oregon v. ACandS, Inc.,* 5 F.3d 1255, 1263 (9th Cir.1993), *cert. denied,* 512 U.S. 1236, 114 S. Ct. 2742 (1994); *All Hawaii Tours Corp. v. Polynesian Cultural Ctr.,* 116 F.R.D. 645, 648 (D.Haw.1987), *rev'd in part on other grounds,* 855 F.2d 860 (9th Cir.1988). While there might be additional circumstances justifying reconsideration, such circumstances would be highly unusual. *School Dist. No. 1J,* 5 F.3d at 1263.

## DISCUSSION

### A. Plaintiffs' Arguments

In their motion to reconsider, plaintiffs do not argue that there was an intervening change in controlling law or that there is newly discovered evidence. Rather, plaintiffs ask this court to reconsider its analysis of *Stretten v. Wadsworth Veterans Hosp.*, 538 F.2d 361 (9th Cir. 1976) as instructive on the facts in this case. Pl.'s Br. 4-7, ECF No. 36; Order, 10, ECF No. 34. This court found that *Stretten* can only "*arguably*" be interpreted to confer a right similar to that at issue, but falls short of the "beyond debate" standard articulated by the U.S. Supreme Court in *Al-Kidd*. *See, infra*. Order, 10. The facts in *Stretten* are sufficiently distinct from the ones here, namely, the plaintiff in *Stretten* was a medical resident appointed to a four-year position but terminated allegedly without process after only one. Here, Plaintiffs are unpaid college student athletes who were denied the renewal on the subsequent term of their otherwise renewable one-year scholarships, from which they benefited the full promised year.

In support of their motions to reconsider, Plaintiffs have included pages one and two of the scholarships. Pl.'s Br. Ex A, ECF No. 36. This evidence is not newly-offered, let alone *newly discovered*. The court, as discussed in its Opinion & Order, had considered the terms of the scholarships, and found it distinguishable from the medical resident's salaried income in *Stretten*. By its plain language the scholarship letters award only the first three consecutive quarters:

3 – ORDER

"If you enroll, you will receive this assistance for three (3) consecutive quarter(s), commencing with the first day of classes Fall quarter of the 2012-13 academic year . . ."

### B. Qualified Immunity

Whether an *arguable* or theoretical property interest existed or not was not determinative of the Court's prior ruling. Plaintiff had a higher standard to meet; specifically, to show the existence of a "clearly established" right existing at the time of the challenged conduct, a right sufficiently clear that every reasonable official would have understood that what he is doing violates that right. *Ashcroft v. Al-Kidd*, 563 U.S. 731, 741, 131 S. Ct. 2074 (2011) (quoting *Anderson v. Creighton*, 483 U.S. 635, 640, 107 S. Ct. 3034 (1987) (internal bracketing and quotations omitted). Because Plaintiffs could not establish the existence of a "clearly established" right, the four individual defendants were found to be entitled to qualified immunity from the due process claims. Plaintiffs, then and now, have not brought forward any case law or statutory precedent to place their alleged right "beyond debate." *Id*. at 741. At most, *Stretten* invites a discussion on theoretical rights.

### CONCLUSION

Because no grounds exist for the Court to reconsider its prior conclusion, Plaintiff Artis' Motion to reconsider, *Artis v. Uni. of Oregon*, D. Or. 16-cv-647-MC, ECF No. 40; ECF No. 46, is DENIED, and Plaintiff Austin's joined Motion for reconsideration, *Austin v. Uni. of Oregon*, D. Or. 16-cv-2257-MC, ECF No. 36, is DENIED.

IT IS SO ORDERED.

DATED this 7th day of June, 2017

                         s/Michael J. McShane
                            Michael McShane
                        United States District Judge